UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDRO ROJAS JAUREGUI,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-06476-DAD-JDP<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS, DENYING PETITIONER'S MOTIONS TO APPOINT COUNSEL AND FOR A TEMPORARY RESTRAINING ORDER AS MOOT, AND DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. Nos. 1, 2, 3, 4, 10) |

On August 14, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2),[1] a motion to appoint counsel (Doc. No. 3), and a motion for temporary restraining order (Doc. No. 4). Petitioner states in his verified habeas petition that he was previously admitted to enter the country and released on parole. (Doc. No. 1 at 5.) He also stated that he

[1] Petitioner's application makes the showing required by 28 U.S.C. § 1915(a)(1) and is therefore granted.

was previously granted a bond hearing by a district court in Florida but was unjustly denied release on bond. (*Id.*)

On August 17, 2026, the court set a briefing schedule as to petitioner's motions and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 9.) In addition, respondent was directed to state any opposition it had to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*)

On August 18, 2026, respondent filed a motion to dismiss. (Doc. No. 10.) Respondent argues that the court should dismiss petitioner's petition for failure to exhaust administrative remedies because a Florida district court ordered a bond hearing and petitioner was denied bond at that hearing. (*Id.* at 3–5.) Respondent further argues that the pending petition is barred by the abuse-of-the-writ doctrine. (*Id.* at 3.) Respondent does not state any objection to the court ruling on the petition based on the current briefing and the court will therefore do so as indicated in its prior order.

Based upon the parties' submissions, the court incorporates and adopts the reasoning set forth in its prior order *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), in which the court concluded that the petitioner's prior release on parole by immigration authorities created a liberty interest in his continued release. The Florida district court did not reach petitioner's due process claims, and as such this court may consider them. *See Yero v. U.S Gen. Att'y*, No. 1:26-cv-04312-DAD-JDP, 2026 WL 1707102, at *1 n.2 (E.D. Cal. June 12, 2026). Further, because the district court in Florida did not reach petitioner's due process claims, "a fundamental miscarriage of justice would result from failure to entertain that claim." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011); *see also Khamraev v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-04458-DAD-AC (HC), 2026 WL 1894295, at *1 n.1 (E.D. Cal. July 1, 2026) ("Additionally, the court finds that this petition is not barred as a successive petition . . . because the district court in *Khamraev I* explicitly declined to

/////

determine the merits of petitioner's due process claims."). Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondents are ORDERED to immediately release petitioner Leandro Rojas Jauregui, A-File No. 273-392-749, from respondent's custody on the conditions, if any, he was subject to prior to his recent re-detention;
   b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motion to appoint counsel (Doc. No. 3) is DENIED as having been rendered moot by this order granting habeas relief;
4. Petitioner's motion for temporary restraining order (Doc. No. 4) is DENIED as having been rendered moot by this order granting habeas relief;
5. Respondent's motion to dismiss (Doc. No. 10) is DENIED;
6. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and
7. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **August 20, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE